UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID C. LETTIERI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW F. KENNELLY, et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>25-13086-BEM |

**ORDER**

**MURPHY, J.**

On August 13, 2025, *pro se* plaintiff David C. Lettieri, who is confined at FMC Devens, filed a civil complaint, Dkt. No. 1 ("Compl."), and a motion for leave to proceed *in forma pauperis*, Dkt. No. 3.[1] Lettieri brings this action against Judge Matthew F. Kennelly of the United States District Court for Norther District of Illinois and FMC Devens staff. Lettieri challenges Judge Vilardo's dismissal of *Lettieri v. Court of Clerk Chicago Division*, C.A. No. 25-03591 (N.D. Ill.). With regard to FMC Devens staff, Lettieri alleges mailroom personnel failed to treat mail addressed to Lettieri from the United States District Court for the Northern District of Illinois as "Legal Mail" and unlawfully opened it outside of his presence. Lettieri further alleges that he did not file a grievance concerning the mail because, in March 2025, FMC Devens staff threatened to transfer him to another prison if he continued to file informal grievances.

Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or

---

[1] Lettieri did not include the six-month prison account statement required under 28 U.S.C. § 1915(a)(2).

appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. *Id.*; *see also Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status[,] and the legal claims asserted in his complaint.").

Lettieri has, while a prisoner, filed three or more actions in federal district courts that were dismissed for failure to state a claim upon which relief may be granted. *See Lettieri v. Daniels*, No. 23-00867, ECF No. 3 (W.D.N.Y Oct. 16, 2023); *Lettieri v. Reynolds*, No. 23-00925, ECF No. 4 (W.D.N.Y. Oct. 17, 2023); *Lettieri v. Northeast Ohio Corr. Ctr.*, No. 23-01690, ECF No. 5 (N.D. Ohio Nov. 22, 2023); *Lettieri v. Federal Marshals*, No. 23-01872, ECF No. 6 (N.D. Ohio Nov. 30, 2023); *Lettieri v. New York State Troopers*, No. 23-02077, ECF No. 4 (N.D. Ohio Nov. 21, 2023); *Lettieri v. Northeast Ohio Corr. Ctr.*, No. 23-02172, ECF No. 4 (N.D. Ohio Dec. 11, 2023). Indeed, prior to the commencement of this action, this Court had already determined that Lettieri is a "three strikes" litigant. *See, e.g.*, *Lettieri v. Santander Bank N.A.*, No. 24-10361-AK, ECF No. 4 (D. Mass. Mar. 15, 2024), and the United States Court of Appeals for the First Circuit has come to the same conclusion, *see Lettieri v. Santander Bank N.A.*, No. 24-1781, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025) (dismissing appeal because Lettieri had "not paid the appellate filing fee in full and ha[d] not shown why the appeal should be permitted to proceed without payment of the full filing fee despite his 'three-strikes' status").

Lettieri asserts that, if the FMC Devens staff followed through with their admonition that Lettieri could be transferred to another prison, "it could be to a more dangerous prison when the plaintiff could barely speak at times because of a paralyzed vocal cord." Compl. ¶ 7. Lettieri

alleges that he "has been in fear of such and since then he [has] not done any informal resolutions since if transfer[red] the plaintiff wouldn't be able to hell for help if [he] got stabbed. *Id.* ¶ 8. These speculative allegations of possible injury if he is transferred to a different prison are insufficient to show that he is "under imminent danger of serious physical injury." Therefore, the Court must deny his motion for leave to proceed *in forma pauperis*.

Accordingly, the motion for leave to proceed *in forma pauperis* is DENIED with prejudice. If Lettieri wishes to proceed with this action, he must, within twenty-eight (28) days, pay the $405 filing fee. Failure to do so will result in dismissal of this action without prejudice.

**So Ordered.**

Dated: January 16, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court